<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| RODNEY GREEN, | : | |
| | : | CIV. NO. 21-14144 (RMB-KMW) |
| Plaintiff | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| CHARLES WARREN, *et al.*, | : | |
| | : | |
| Defendants | : | |

BUMB, DISTRICT JUDGE

Plaintiff Rodney Green, a pretrial detainee confined in Cumberland County Jail in Bridgeton, New Jersey, filed this civil rights action on July 26, 2021. (Compl., Dkt. No. 1.) Plaintiff submitted an application form to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. (IFP App., Dkt. No. 1-1.) 28 U.S.C. § 1915(a)(2) provides:

> (2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Although Plaintiff submitted the signed certification by a prison official, he failed to enclose the inmate trust account statement in his filing. Therefore, the Court will deny the IFP application without prejudice. The Court will, however, screen the complaint as required by statute. See <u>Brown v. Sage</u>, 941 F.3d 655, 660 (3d Cir. 2019), <u>cert.</u> <u>denied</u>, 140

(2020) ("a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously.")

I.     *Sua Sponte* Dismissal

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity or seeks relief based on a prison condition, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and 42 U.S.C. § 1997e(c) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions,

2

together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II.   DISCUSSION

   A.   The Complaint

Plaintiff asserts jurisdiction under 42 U.S.C. § 1983 for alleged violation of his Constitutional rights. (Compl., Dkt. No. 1.) The Court accepts the factual allegations in the complaint as true for purposes of screening the complaint.[1] Plaintiff alleges he has a rare kidney disease, loin pain hematuria syndrome, that causes severe chronic pain, and there is no cure, only treatment for pain. Plaintiff alleges he was denied treatment for this condition for almost ten months in Cumberland County Jail, and this caused him to develop a kidney

---

[1] Plaintiff submitted a letter to the Court on August 4, 2021, seeking relief from the Court in obtaining treatment for his condition. While the Court might construe the request as a motion for preliminary injunctive relief, Plaintiff does not set forth the elements required to obtain such relief. See Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 197 (3d Cir. 1990), holding modified by Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc., 42 F.3d 1421 (3d Cir. 1994) (discussing factors court must address in consideration of motion for preliminary injunction). As discussed below, the Court will appoint pro bono counsel to Plaintiff and counsel may file any appropriate motions.

3

infection and to suffer severe pain. Plaintiff names as Defendants Warden Charles Warren, R.N. Evelyn Olson and L.P.N. Delores. Plaintiff alleges Nurse Olson refused to treat him according to the instructions of his doctor at Inspira Hospital, and refused to give him his medication. Plaintiff requests appoint of pro bono counsel.

B. Analysis

Plaintiff asserts jurisdiction under 42 U.S.C. § 1983, which provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1998); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011). "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676 (2009).

Plaintiff has alleged Nurse Olson failed to treat him for almost ten months, and then refused to provide the medication prescribed by Plaintiff's doctor at Inspira Hospital. This Court construes the claim as arising under the Eighth Amendment for deliberate indifference to a serious medical need. See Estelle v. Gamble, 429 U.S. 97, 104-5 (1976) (describing elements of Eighth Amendment claim for inadequate medical care). The claim

against Nurse Olson may proceed. Plaintiff did not allege how Nurse Delores was involved in the violation of his constitutional rights. The Court will dismiss the claim against her without prejudice.

Further, Plaintiff did not allege how Warden Charles Warren was personally involved in Plaintiff's medical treatment. To establish supervisory liability under 42 U.S.C. § 1983, a plaintiff must allege facts establishing either (1) the supervisor participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in an employee's unconstitutional conduct; or (2) the supervisor, with deliberate indifference, "established and maintained a policy, practice or custom which directly caused [the] constitutional harm" Barkes v. First Corr. Med., Inc., 766 F.3d 307, 316 (3d Cir. 2014), cert. granted, judgment rev'd sub nom. on other grounds, Taylor v. Barkes, 575 U.S. 822, 135 S. Ct. 2042, 192 L. Ed. 2d 78 (2015) (citations omitted). Therefore, the Court will dismiss the claim against Warden Charles Warren without prejudice.

    C.    <u>Appointment of Pro Bono Counsel</u>

Plaintiff seeks appoint of pro bono counsel. Courts have discretion to appoint pro bono counsel in civil actions, pursuant to 28 U.S.C. 1915(e)(1). In determining whether to appoint pro bono counsel, courts should first consider whether the claim has some merit in fact and law. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). If that condition is met, courts should consider factors such as the plaintiff's ability to present his or her case, the difficulty of the particular legal issues, the degree to which factual investigation will be

5

required and the ability of the indigent plaintiff to pursue such investigation, and the extent to which the case will turn on credibility determinations. Id. at 155-57.

Plaintiff's medical condition, his pretrial confinement, and his lack of legal training affect his ability to present his case. While the Eighth Amendment claim does not present a difficult legal issue, Plaintiff's ability to conduct the factual investigation for his claims is impeded by his confinement and indigence, particularly if expert testimony is ultimately necessary to establish his claims. Because Plaintiff alleges denial of and delay in providing necessary medical treatment, his case may turn on credibility determinations. Thus, the Court finds that these factors weigh in favor of granting Plaintiff's motion for appointment of pro bono counsel. After counsel is appointed, counsel shall file a notice of appearance in this action.

III.   CONCLUSION

For the reasons discussed above, the complaint is dismissed in part and may proceed in part. Plaintiff must file a copy of his inmate trust account statement to avoid termination of this matter.

An appropriate Order follows.


DATE: **August 6, 2021**

                                                  s/Renée Marie Bumb
                                                  **RENÉE MARIE BUMB**
                                                  **United States District Judge**