**[ECF No. 86]**

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| **RODNEY GREEN,**<br>**Plaintiff,**<br>v.<br>**RN EVELYN OLSON,**<br>**Defendant.** | **Case No. 21-14144 (RMB/EAP)** |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Leave to File an Amended Complaint. ECF No. 86 ("Pl.'s Motion"). Defendant RN Evelyn Olson opposes the Motion. ECF No. 87 ("Def.'s Opp."). The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the following reasons, Plaintiff's Motion is **GRANTED**.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Rodney Green is currently incarcerated in the South Woods State Prison in Bridgeton, New Jersey. ECF No. 86-1, Certification of Ashley A. Varghese, Esquire ("Varghese Certif.), ¶ 2 & Ex. A, Plaintiff's Proposed Amended Complaint ("Proposed Am. Compl."), ¶ 1. However, Plaintiff's allegations stem from his previous incarceration at Cumberland County Jail. Proposed Am. Compl. ¶ 10. Plaintiff alleges that Defendant Evelyn Olson, RN and proposed defendants Dr. James Neal and CFG Health Systems were responsible for providing care to inmates at Cumberland County Jail while Green was incarcerated there. *Id.* ¶¶ 3-5. Plaintiff avers that he "suffers from a long-term, chronic rare kidney disease for which there is no cure[,]" which

causes "extreme, severe pain." *Id.* ¶¶ 11-12. Plaintiff alleges that Defendant and proposed defendants "refused to treat [him] according to his previous medical treatment plan." *Id.* ¶ 13. Plaintiff further alleges that Defendant and proposed defendants "did not render proper medical aid, treatment, and/or care to [him,]" which "amounted to deliberate indifference to [his] objectively serious medical condition[,]" and resulted in "severe and permanent injury, pain and suffering, mental anguish, and loss of enjoyment of life." *Id.* ¶¶ 17-19. Plaintiff brings claims under 42 U.S.C. § 1983, asserting violations of his rights under the Eighth and Fourteenth Amendments to the United States Constitution. *Id.* ¶ 18. As relief, Plaintiff seeks compensatory damages. *Id.* at 9.

On July 26, 2021, Plaintiff filed the Complaint initiating this action, listing three defendants: Charles Warren, RN Evelyn Olson, and LPN Dolores. *See* ECF No. 1 at 1. On August 6, 2021, the Court issued an opinion permitting the claims against Defendant Olson to proceed past *sua sponte* screening; dismissing the claims against defendants Warren and Dolores; and appointing William B. Hildebrand, Esquire to represent Plaintiff *pro bono*. *See* ECF No. 4, Order. Mr. Hildebrand entered his appearance on August 10, 2021. *See* ECF No. 6. On September 29, 2021, Defendant Olson answered the Complaint. *See* ECF No. 11. The Court then held an initial conference, and the case proceeded into discovery. *See* ECF No. 17, Scheduling Order. The deadline to amend the pleadings was March 15, 2022. *See id.* ¶ 7.

On March 7, 2023, over a year into fact discovery, the Court received a letter from Plaintiff, stating that he was "concerned by [his] appointed counsel['s] tactics" and that he "would like to . . . proceed without Mr. Hildebrand." *See* ECF No. 49 at 1. With leave of Court, *see* ECF No. 51, Plaintiff chose to proceed *pro se*; and the Court granted Mr. Hildebrand's motion to withdraw as counsel on June 14, 2023, *see* ECF No. 68. On July 11, 2023, the Court appointed J. Brooks

DiDonato, Esquire and Ashley Varghese, Esquire to represent Plaintiff, *see* ECF No. 70. Both subsequently entered their appearances, *see* ECF Nos. 71, 75.

On February 23, 2024, Plaintiff's counsel deposed Defendant Olson. Pl.'s Motion at 2. On March 8, 2024, Plaintiff filed the present Motion. *See* ECF No. 86. By way of an amended complaint, Plaintiff seeks leave to add two new defendants—CFG Health Systems, LLC and Dr. James Neal—who allegedly failed to provide Plaintiff adequate medical care while he was at Cumberland County Jail. *Id.* at 2. Plaintiff argues that the amendment is permissible under the liberal Rule 15 standard. *See generally* Pl.'s Motion.[1]

On March 15, 2024, Defendant filed opposition to the Motion. *See* ECF No. 87 ("Def.'s Opp."). Defendant asserts that Plaintiff has not demonstrated good cause because documents produced during discovery provided sufficient notice of potential claims against the proposed defendants. *Id.* at 5-6. In addition, Defendant argues that the Motion is deficient under Rule 15 based on undue delay. *Id.* at 6. Plaintiff did not file a reply. *See* Dkt. Sheet. Having been fully briefed, the Motion is ripe for disposition.

**DISCUSSION**

"'The threshold issue in resolving a motion to amend is the determination of whether the motion is governed by Rule 15 or Rule 16 of the Federal Rules of Civil Procedure.'" *Sabatino v. Union Twp.*, No. 11-1656, 2013 WL 1622306, at *2 (D.N.J. Apr. 15, 2013) (quotation omitted).

> [W]hen a party moves to amend or add a party after the deadline in a . . . scheduling order has passed, the 'good cause' standard of Rule 16(b)(4) of the Federal Rules

---

[1] Although he filed the present Motion after the deadline to amend had passed, Plaintiff does not explicitly refer to the good cause standard or Rule 16 in his brief. Regardless, the Court finds that it may determine *sua sponte* whether Plaintiff has demonstrated good cause. *See Bonds v. N.J. Judiciary Admin. of the Ct.*, No. 19-18983, 2024 WL 2091119, at *6 (D.N.J. May 9, 2024) (conducting the Rule 16 good cause analysis *sua sponte*). In addition, Defendant had notice of—and has made—Rule 16 arguments in opposition to the Motion. *See* Def.'s Opp. at 5-6. Accordingly, the Court will perform the good cause analysis considering the record before it.

> of Civil Procedure applies. A party must meet this standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard.

*Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020); *see also Dimensional Commc'ns, Inc. v. OZ Optics, Ltd.*, 148 F. App'x 82, 85 (3d Cir. 2005) (adopting a good cause standard to determine whether leave to amend should be granted after the deadline has expired); *Lasermaster Int'l Inc. v. Neth. Ins. Co.*, No. 15-7614, 2018 WL 1891474, at *3 (D.N.J. Apr. 20, 2018) (second alteration in original) (quotation omitted) ("[W]here a party seeks to amend 'after the deadline for doing so set by the Court, the movant must satisfy the [good cause standard] of Rule 16 before the Court will turn to Rule 15.'"), *aff'd*, 2021 WL 3616197 (D.N.J. Aug. 13, 2021). Because Plaintiff filed the present Motion after the applicable deadline passed, he must satisfy both the Rule 16 good cause standard and the more liberal Rule 15 standard.

**A. <u>Plaintiff Has Demonstrated Good Cause Under Rule 16.</u>**

Defendant argues that Plaintiff has not demonstrated good cause because he was not "diligent in seeking to identify other potential defendants before the deadline to amend pleadings expired." Def.'s Opp. at 5. More specifically, Defendant points out that she served her discovery responses in February 2022. *See* ECF No. 87-1, Certification of Jeffrey S. McClain, Esquire ("McClain Certif."), ¶ 3(A) & Ex. A, Discovery Responses of RN Evelyn Olson. In those responses, Defendant Olson identified CFG as her employer and discussed Dr. Neal's role in Plaintiff's medical care. Defendant argues that her discovery responses provided Plaintiff's former appointed counsel, Mr. Hildebrand, notice of the proposed defendants in time to amend before the March 2022 deadline. Def.'s Opp. at 5-6. In addition, Defendant argues that medical records produced a month after the deadline to amend in April 2022 would have informed Plaintiff's newly-appointed counsel of the claims against the proposed defendants shortly after they entered their appearances in this matter. *See* Def.'s Opp. at 2-3; *see also* McClain Certif. ¶ 3(B) & Ex. B,

Medical Records of Plaintiff Rodney Green. In response, Plaintiff argues that Mr. Hildebrand "did not have sufficient time or information to amend the Complaint before being terminated from the litigation." Pl.'s Motion at 2. Further, Plaintiff contends that he could not confirm the identity of any additional parties until after his newly-appointed counsel deposed Defendant Olson on February 23, 2024. *Id.* According to Plaintiff, Olson discussed Dr. James Neal at her deposition, and Plaintiff subsequently learned that Dr. Neal worked for CFG Medical during follow-up from the deposition. *Id.*

The focus of the good cause analysis is on the diligence, or lack thereof, of the moving party. *Tordella v. Cnty. of Cape May, Bd. of Chosen Freeholders*, No. 18-15101, 2021 WL 3562895, at *2 (D.N.J. Aug. 12, 2021) (citations omitted); *Sabatino*, 2013 WL 1622306, at *4. To make the good cause determination, the court should "'consider whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend'" before the deadline elapsed. *Ewing v. Cumberland Cnty.*, No. 09-5432, 2014 WL 3974159, at *4 (D.N.J. July 16, 2014) (quoting *Siebel v. Work At Home Vintage Emps., LLC*, Nos. 12-1199, 12-1210, 2013 WL 6094558, at *3 (D.N.J. Nov. 18, 2013)); *GlobespanVirata, Inc. v. Tex. Instruments, Inc.*, No. 03-2854, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005) (citations omitted) (stating that the moving party "must show that the deadlines [could not] be reasonably met despite its diligence"). However, the diligence of the moving party is only one factor relevant to the good cause analysis. *See Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020) (emphasis added) ("[W]e have repeatedly recognized—and we reaffirm today—that whether 'good cause' exists under Rule 16(b)(4) depends *in part* on a plaintiff's diligence." (citing *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84-85 (3d Cir. 2010); *E. Mins. & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000))). Indeed, "[t]he Court

has broad 'discretion in determining what kind of showing the moving party must make in order to satisfy Rule 16(b)'s good cause requirement.'" *Bonds*, 2024 WL 2091119, at *5 (quoting *Phillips v. Greben*, No. 04-5590, 2006 WL 3069475, at *6 (D.N.J. Oct. 27, 2006)).

The Court finds that Plaintiff has demonstrated good cause. Defendant argues that discovery responses produced in 2022 contained all the information Plaintiff's previous counsel needed to add the proposed defendants before the deadline. The Court disagrees. The Court finds that Mr. Hildebrand did not have sufficient time to review all the relevant discovery before his relationship with Plaintiff broke down. In addition, the Court agrees that it was reasonable for his newly-appointed counsel to wait to move to add new defendants until after taking Defendant's deposition. Due to the severe and chronic nature of Plaintiff's illness, his medical records are extensive and complex. As a result, depositions were the most efficient way for newly-appointed counsel to obtain all the facts necessary to join all additional defendants. *Cf. McGrath v. Rainbow Pediatrics, P.C.*, No. 19-4714, 2021 WL 3616749, at *3 (D.N.J. Aug. 16, 2021) (finding good cause to modify a scheduling order where the plaintiff discovered the facts supporting the proposed amendment at a fact-witness deposition); *cf. also Sabatino*, 2013 WL 1622306, at *5 (finding good cause where the plaintiff moved to amend one month after having received all relevant information supporting claims against new defendants). Finally, the Court further finds that Plaintiff has satisfied good cause because he first learned of the proposed defendants through discovery obtained two weeks before he filed the present Motion. *See Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668-69 (D. Colo. 2001) (finding good cause to amend where the plaintiff first learned the factual basis of a newly added claim through discovery responses produced after the applicable deadline had passed), *cited approvingly by Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) ("Rule 16's good cause standard may be

satisfied, for example, if a plaintiff learns new information through discovery . . . ."). For these reasons the Court finds that Plaintiff has demonstrated good cause under Rule 16.

**B. Plaintiff's Proposed Amendment Is Permissible Under Rule 15.**

Having found good cause to modify the scheduling order, the Court now turns to Rule 15. Under that Rule, a party may amend its pleading once as a matter of course within either 21 days after serving it; or if the pleading is one to which a responsive pleading is required, the earlier of 21 days after service of a responsive pleading or 21 days after a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). If those deadlines have expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*; *see also Forman v. Davis*, 371 U.S. 178, 182 (1962).

The Third Circuit has adopted a liberal approach to the amendment of pleadings. *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019); *see also Donovan v. W. R. Berkley Corp.*, 566 F. Supp. 3d 224, 229 (D.N.J. 2021) ("Generally, there is a presumption in allowing the moving party to amend its pleadings."). However, the Court may deny a motion for leave to amend when: (1) the amendment would be futile; (2) the moving party has demonstrated undue delay, bad faith, or dilatory motives; (3) the amendment would prejudice the non-moving party; or (4) the moving party was put on notice of deficiencies in its pleading but chose not to resolve them. *U.S. ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014). Ultimately, the decision whether to grant leave to amend is within the Court's discretion. *Arab Afr. Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

Defendant's sole argument under Rule 15 is undue delay; namely, that Plaintiff had access to the facts supporting the amendment for approximately two years before filing the present

Motion. *See* Def.'s Opp. at 5-6. In response, Plaintiff first argues that Mr. Hildebrand "did not have sufficient time or information to amend the Complaint before being terminated from the litigation." Pl.'s Motion at 2. Next, Plaintiff argues that he was not dilatory because he filed the present Motion two weeks after his newly-appointed counsel deposed Defendant Olson. *Id.*

To be sure, "[t]he mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay. In fact, delay alone is an insufficient ground to deny leave to amend." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (citations omitted). A delay becomes undue only when it places an "unwarranted burden on the court." *Id*. (quotation omitted); *see also Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017) (citations omitted) ("[D]elay that is 'undue'—a delay that is protracted and unjustified—can place a burden on the court or counterparty, or can indicate a lack of diligence sufficient to justify a discretionary denial of leave."). The issue of undue delay requires focusing on the moving party's motives for not amending its complaint earlier. *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). A motion for leave to amend may be denied if the moving party can offer "no cogent reason" for its delay in seeking the amendment. *Mullin*, 875 F.3d at 151 (quoting *CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 629 (3d Cir. 2013)).

The Court finds Plaintiff's explanation for the delay cogent and wholly reasonable. First, Plaintiff filed the amendment two weeks after newly-appointed *pro bono* counsel learned the factual basis of the claims against the proposed defendants. *See Saiyed v. Archon, Inc.*, No. 16-9530, 2017 WL 4881578, at *3 (D.N.J. Oct. 30, 2017) (granting leave to amend where the plaintiff obtained new counsel two years after commencing the action, and new counsel demonstrated "reasonable efforts" and good faith by filing the amendment within a week of appearing); *see also Ghobrial v. Pak Mfg., Inc.*, No. 11-2023, 2012 WL 893079, at *3 (D.N.J. Mar. 13, 2012) (finding

no undue delay where: (1) plaintiff's counsel entered his appearance five months before seeking leave to amend; and (2) the plaintiff filed the amendment one month after learning of the facts supporting it). Second, the Court agrees that Mr. Hildebrand did not have sufficient time or resources to discover the additional defendants, particularly considering the extent of Plaintiff's medical records. *Cf. Tosado v. Borough of Spotswood*, No. 05-5112, 2007 WL 432793, at *2 (D.N.J. Feb. 5, 2007) (noting that the court could not hold "[p]laintiffs to the inefficiencies of [their previous counsel]" in filing an amendment). Lastly, although discovery in this matter began in November 2021, the addition of new defendants will result only in minimal delay. That is because the scope of the claims has already been significantly narrowed by extensive discovery. In sum, the Court finds that the amendment does not place "an unwarranted burden on the court." *Cureton*, 252 F.3d at 273. As a result, the Court will grant Plaintiff's Motion.

## CONCLUSION AND ORDER

For the reasons stated above, and for good cause shown;

**IT IS** on this **3rd** day of **June 2024**,

**ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint, ECF No. 86, is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall file the Amended Complaint within seven (7) days of this Order.

s/ Elizabeth A. Pascal
ELIZABETH A. PASCAL
United States Magistrate Judge

cc: Hon. Karen M. Williams, U.S.D.J.