[Docket Nos. 111 & 137]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| RODNEY GREEN,<br><br>   Plaintiff,<br><br>  v.<br><br>EVELYN OLSON, JAMES NEAL, CFG HEALTH SYSTEMS, LLC, CUMBERLAND COUNTY JAIL and JOHN/JANE DOES 1–10,<br><br>   Defendants. | Civil No. 21-14144 (RMB-EAP)<br><br>**OPINION** |

**RENÉE MARIE BUMB, Chief United States District Judge**

  **THIS MATTER** comes before the Court upon the Motion to Dismiss filed by Defendants Dr. James Neal ("Dr. Neal") and CFG Health Systems LLC ("CFG") (together, "Medical Defendants"), [Docket No. 111; Docket No. 111-7 ("Med. Defs.' Br.")], and a Motion for Judgment on the Pleadings by Defendant Cumberland County Jail, [Docket No. 137; Docket No. 137-1 ("CCJ Br.")]. Pro se Plaintiff Rodney Green opposes both Motions. [Docket No. 119 ("Pl.'s MTD Br."); Docket No. 138.] The Medical Defendants submitted a reply brief in further support of their Motion to Dismiss. [Docket No. 121 ("Med. Defs.' Reply Br.").] Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b), the Court did not hear oral argument. For the reasons set forth below, the Court will (i) **GRANT, in part, and DENY, in**

**part,** the Medical Defendants' Motion to Dismiss; and (ii) **GRANT** CCJ's Motion for Judgment on the Pleadings.

I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff suffers from a rare long-term and chronic kidney disease for which there is no known cure. [Docket No. 93 ("AC") ¶¶ 11–12.] He brings this case pursuant to 42 U.S.C. § 1983 alleging that, while incarcerated at the Cumberland County Jail ("CCJ"),[1] Dr. Neal—the CCJ medical director employed by CFG—refused to treat his kidney condition according to his medical treatment plan in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution. [*Id.* ¶¶ 12–19.] He brings the same claim against Evelyn Olson, a CFG nurse, as well as CCJ itself.

Plaintiff initially filed this case pro se against Nurse Olson and two other defendants whom this Court has since dismissed after screening the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), and 42 U.S.C. § 1997e(c). [Docket Nos. 3–4]; *Green v. Warren*, 2021 WL 3465563, at *1 (D.N.J. Aug. 6, 2021). The Court appointed pro bono counsel to represent Plaintiff. [Docket No. 4.] Nurse Olson answered the complaint, [Docket No. 11], and the parties proceeded to discovery. Over one year into fact discovery, Plaintiff's relationship with his pro bono counsel broke down. Magistrate Judge Pascal granted pro bono counsel leave to withdraw from the representation, [Docket Nos. 49, 68], and subsequently appointed new pro bono counsel to represent Plaintiff, [Docket Nos. 70–71, 75].

---

[1] Plaintiff is now incarcerated at South Woods State Prison in Bridgeton, New Jersey. [AC ¶ 1.]

Following Nurse Olson's deposition in February 2024, Plaintiff sought leave to amend his complaint to add the Medical Defendants. [Docket No. 86 at 2.] Nurse Olson opposed that request arguing that Plaintiff had not demonstrated good cause under Federal Rule 16 to amend the scheduling order, which set a March 15, 2022 deadline to amend the pleadings, and because Plaintiff had unduly delayed amendment under Federal Rule 15. [Docket No. 87 at 5–6.]

Magistrate Judge Pascal granted Plaintiff's motion for leave to amend finding that he had demonstrated good cause for amendment under Federal Rule 16 and that amendment had not been unduly delayed under Federal Rule 15. *Green v. Olson*, 2024 WL 2818196, at *3–4 (D.N.J. June 3, 2024). With respect to the Rule 16 good cause analysis, Judge Pascal found that Plaintiff's original pro bono counsel "did not have sufficient time to review all the relevant discovery before his relationship with Plaintiff broke down" and that it was reasonable of Plaintiff's new pro bono counsel to "wait to move to add new defendants until after taking Defendant's deposition" given the "extensive and complex" nature of the medical record discovery produced. *Id.* at *3. And with respect to the Rule 15 undue delay analysis, Judge Pascal found that Plaintiff's motives for waiting to amend were reasonable because Plaintiff's new pro bono counsel "did not have sufficient time or resources to discover the additional defendants, particularly considering the extent of Plaintiff's medical records" and that any resulting delay from adding new defendants would be minimal because the previously taken discovery had already "significantly narrowed" the scope of the claims. *Id.* at *4.

Plaintiff, through his new pro bono counsel, filed the operative Amended Complaint alleging a single count of deliberate indifference to his serious medical needs under the Eighth and Fourteenth Amendments. Nurse Olson and CCJ filed answers to the Amended Complaint. [Docket No. 102 (Olson); Docket No. 110 (CCJ).]

The Medical Defendants now move to dismiss. Pro bono counsel filed an opposition to the Medical Defendants' motion, and the Medical Defendants filed a reply brief in further support of their motion. Following completion of the motion to dismiss briefing, Plaintiff's relationship again broke down with pro bono counsel and Judge Pascal again granted pro bono counsel leave to withdraw from the representation. Judge Pascal did not appoint Plaintiff new pro bono counsel. CCJ also moves for judgment on the pleadings. Plaintiff filed an opposition brief to that motion, pro se. [Docket No. 138.] CCJ did not file a reply brief.

## II. LEGAL STANDARDS

Although Plaintiff filed the Amended Complaint through pro bono counsel, the Court will liberally treat it as if filed pro se. Pro se complaints are to be "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although pro se pleadings are to be liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Owens v. Armstrong*, 171 F.Supp.3d 316, 328 (D.N.J. 2016) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)). Thus,

4

pro se litigants are not exempt from complying with federal pleading standards. *See Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010).

### A. Rule 12(b)(6) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint if the plaintiff fails to state a claim upon which relief can be granted. The party seeking dismissal of the complaint must show it fails to state a claim. *Lesher v. Zimmerman*, 822 F. App'x 116, 119 (3d Cir. 2020). When reviewing a motion to dismiss, courts must accept the complaint's factual allegations as true and afford the plaintiff "every favorable inference to be drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992)). Courts will dismiss a complaint if the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts will not accept "legal conclusions" as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Malleus*, 641 F.3d at 563.

### B. Rule 12(c) Motion for Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the

pleadings." "A motion for judgment on the pleadings under Rule 12(c) 'is analyzed under the same standards that apply to a Rule 12(b)(6) motion.'" *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019) (quoting *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010)). Thus, to succeed on a motion for judgment on the pleadings, a movant must show "there are no material issues of facts, and he is entitled to judgment as a matter of law." *Zimmerman v. Corbett*, 873 F.3d 414, 417 (3d Cir. 2017). When deciding a motion for judgment on the pleadings, a court must accept the nonmoving party's factual allegations as true and draw all reasonable inferences in its favor. *Id.* at 418.

### III.  DISCUSSION

#### A.  Medical Defendants' Motion to Dismiss

##### 1.  *CFG*

A prison medical services provider such as CFG cannot be held liable under Section 1983 for the acts of its employees under a theory of respondeat superior or vicarious liability. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Sims v. Wexford Health Sources*, 635 F. App'x 16, 20 (3d Cir. 2015) (per curiam) ("[A] private health company providing services to inmates 'cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability.'" (quoting *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003)). Rather, Plaintiff must allege that there was a relevant CFG policy or custom that caused the alleged constitutional violation. *See Bd. of County Comm'rs of Bryan*

*County, Okla. v. Brown*, 520 U.S. 397, 404 (1997). "To satisfy the pleading standard, [the plaintiff] must ... specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). And although Plaintiff need not identify a specific written policy to survive dismissal, he must allege a well-pleaded factual basis from which the existence of a policy or custom can be inferred. He has failed to do so here. So, Plaintiff's claim against CFG will be dismissed.

    **2.**    *Dr. Neal*

        **i.**    *Amendment Was For Good Cause and Was Not Unduly Delayed*

Dr. Neal first argues that he should be dismissed from this case because Plaintiff failed to show good cause for leave to amend under Rule 16 and unduly delayed amendment under Rule 15. Judge Pascal already considered these arguments, advanced by Nurse Olson in opposition to Plaintiff's motion to amend, and properly rejected them. *Green*, 2024 WL 2818196, at *3–4. Besides, whether Plaintiff failed to show good cause for leave to amend under Rule 16 or unduly delayed amendment under Rule 15 is not a proper basis to dismiss a complaint for *failure to state a claim* under Rule 12.

        **ii.**    *The Discovery Rule Applies to Plaintiff's Claim*

Next, Dr. Neal argues that Plaintiff's claim is barred by the applicable two-year statute of limitations. "A claim raised under § 1983 is characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims," which, in New Jersey, is two years. *McCargo v. Camden Cnty.*

*Jail*, 693 F. App'x 164, 166 (3d Cir. 2017) (*first* citing N.J. Stat. Ann. § 2A:14-2, *then* citing *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)). "[T]he statute of limitations begins to run, as soon as a plaintiff can file suit and attain relief." *Id*. (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). Here, the latest possible date Plaintiff was aware of his injury was when he filed his initial complaint on July 26, 2021. Thus, the statute of limitations on Plaintiff's claim ran, at the latest, two years after that date. Plaintiff filed the operative Amended Complaint on June 7, 2024 after Judge Pascal granted him leave to amend. So, Plaintiff's claim against Dr. Neal is time-barred unless it relates back to July 26, 2021, the date Plaintiff filed his original Complaint.

Plaintiff argues that his claim relates back against Dr. Neals under New Jersey's discovery rule. [Pl.'s MTD Br. at 6.] New Jersey's discovery rule may toll the statute of limitations "when injured parties reasonably are unaware that they have been injured or, although aware of an injury, do not know that the injury is attributable to the fault of another." *Fuqua v. Bristol-Myers Squibb Co.*, 926 F. Supp. 2d 538, 545 (D.N.J. Feb. 15, 2013) (quoting *Baird v. American Med. Optics*, 713 A.2d 1019, 1025 (N.J. 1998)). In either scenario, "the statute of limitations begins to run when the plaintiff is aware, or reasonably should be aware, of facts indicating that [he] has been injured through the fault of another, not when a lawyer advises her that the facts give rise to a legal cause of action." *Baird*, 713 A.2d at 1026; *see also Cruz v. City of Camden*, 898 F. Supp. 1100, 1113–14 (D.N.J. 1995). This rule is "essentially a rule of equity," and "[d]etermining whether it applies requires identification, evaluation, and weighing

of the equitable claims of the parties." *Lewis*, 2010 WL 1371939, at *5 (quoting *Abboud v. Viscomi*, 543 A.2d 29, 32 (N.J. 1988) (internal quotations omitted)).

The Court finds that the discovery rule applies. Plaintiff initially filed this complaint pro se and there is nothing in the medical records attached to his complaint that suggests that he knew about or should have known about Dr. Neal's involvement. Dr. Neal argues that Plaintiff's medical records, produced on or about February 24, 2022, "contain multiple references to CFG Health Systems and show that Dr. James Neal prescribed or approved medications" such that Plaintiff was on notice of Dr. Neal's involvement. [Med. Defs.' Br. at 9.] This is the same argument Nurse Olson made to Judge Pascal in arguing that Plaintiff had unduly delayed amendment. *Green*, 2024 WL 2818196, at *4. Judge Pascal correctly rejected that argument finding that Plaintiff's first-appointed pro bono counsel "did not have sufficient time to review all the relevant discovery before his relationship with Plaintiff broke down" and that it was reasonable for pro bono counsel "to wait to move to add new defendants until after taking [Nurse Olson's] deposition given the extensive and complex nature of Plaintiff's medical records." *Id.* at *3–4 (collecting cases finding good cause where the plaintiff moved to amend one month after having received all relevant information supporting claims against new defendants). For the same reasons, the Court finds that the discovery rule applies. *See Reeves v. Cnty. of Bergen*, 2023 WL 8520742, at *7 (D.N.J. Dec. 8, 2023) (applying discovery rule to pro se prisoner because, at the time of complaint's filing, plaintiff was pro se and "[t]he medical records that Plaintiff attached to several of his amended complaints do not refer [the later-named defendant]").

9

### iii. *Plaintiff Has Adequately Stated a Claim for Deliberate Indifference to a Serious Medical Need*

Finally, Dr. Neal argues that Plaintiff has failed to state a claim for relief under the Eighth Amendment for failure to treat his serious medical needs. "[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain ... proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97 (1976) (internal quotation omitted). To establish an Eighth Amendment violation for failure to treat, a prisoner must show an objectively "serious medical need" and behavior on the part of prison officials that constitutes "deliberate indifference" to that need. *Estelle*, 429 U.S. at 106*; see also Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

To satisfy the first prong of the *Estelle* inquiry, the plaintiff must demonstrate that his medical needs are serious. "Because society does not expect prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillan*, 503 U.S. 1, 9 (1992) (citing *Estelle*, 429 U.S. at 103–04). The Third Circuit has defined a serious medical need as: (1) "one that has been diagnosed by a physician as requiring treatment;" (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention;" or (3) one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." *Atkinson v. Taylor*, 316 F.3d 257, 272–73 (3d Cir.2003) (internal quotations and

citations omitted); *see also Monmouth Cnty. Corr. Institutional Inmates*, 834 F.2d 326, 347 (3d Cir.1987).

To satisfy the second, deliberate indifference, prong a plaintiff must establish more than mere negligence or medical malpractice. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir.1999); *see also White v. Napoleon*, 897 F.2d 103, 108 (3d Cir.1990). Rather, it is a "subjective standard of liability consistent with recklessness as that term is defined in criminal law." *Natale*, 318 F.3d at 582 (citing *Nicini v. Morra*, 212 F.3d 798, 811 (3d Cir.2000)). A prison official acts with "deliberate indifference" when "the official 'knows of and disregards an excessive risk to inmate health or safety.'" *Id*. (citing *Farmer v. Brennan*, 511 U.S. 825, 837–38 (1994)).

The Third Circuit has found deliberate indifference where a prison official: (1) "knows of a prisoner's need for medical treatment but intentionally refuses to provide it;" (2) delays necessary medical treatment for non-medical reasons; (3) "prevents a prisoner from receiving needed or recommended treatment"; or (4) "persists in a particular course of treatment in the face of resultant pain and risk of permanent injury." *See Rouse,* 182 F .3d at 197 (internal citations and quotations omitted). The Third Circuit also has held that "[n]eedless suffering resulting from a denial of simple medical care, which does not serve any penological purpose," violates the Eighth Amendment. *Atkinson,* 316 F.3d at 266; *see also Monmouth Cnty. Corr. Institutional Inmates,* 834 F.2d at 346; *Durmer v. O' Carroll,* 991 F.2d 64, 67 (3d Cir.1993). However, the "deliberate indifference" standard affords considerable deference to prison doctors. *Inmates of Allegheny Cnty. Jail v. Pierce,* 612 F.2d 754, 762 (3d Cir.1979). Courts will not

"second-guess" the propriety of a particular course of treatment if it is a question of sound professional judgment. *Id.* Thus, "mere disagreements over medical judgment do not state Eighth Amendment claims." *White,* 897 F.2d at 110 (internal quotations and citations omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, that would amount to medical malpractice and not an Eighth Amendment violation. *See White,* 897 F.2d at 110; *see also Estelle,* 429 U.S. at 105–06. Accordingly, a "misdiagnosis or preference for a certain type of treatment will not alone rise to the level of deliberate indifference." *Christy v. Robinson,* 216 F.Supp.2d 398, 413 (D.N.J.2002) (citations omitted).

Plaintiff has adequately alleged both prongs. He suffers from an objectively serious medical condition because he has a long-term, chronic, and incurable kidney disease which causes him extreme pain. [AC ¶¶ 11–13.] And he has adequately alleged that Dr. Neal acted with deliberate indifference because he alleges that Dr. Neal and the other defendants knew of his objectively serious medical condition but refused to treat him according to his previous medical treatment plan. [*Id.*] That is sufficient, at this stage, to survive dismissal.[2]

### B.    CCJ's Motion for Judgment on the Pleadings

Like Dr. Neal, CCJ argues that Plaintiff's claim is untimely under the two-year statute of limitations because "Plaintiff knew or should have known [CCJ's] identity

---

[2] Given the age of this case, however, the Court will order expedited discovery on Plaintiff's deliberate difference claims. *See Dietz v. Bouldin,* 579 U.S. 40, 47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.").

at the time he filed his initial Complaint." [CCJ Br. at 6.] The Court agrees. Plaintiff was clearly aware of CCJ's involvement because that is where he was incarcerated. So, although the Court finds that Plaintiff's claim against Dr. Neal is saved by the discovery rule, his claim against CCJ is not.

## IV. CONCLUSION

For the foregoing reasons, the Medical Defendants' Motion to Dismiss will be **GRANTED, in part, and DENIED, in part**. CCJ's Motion for Judgment on the Pleadings will be **GRANTED**. An accompanying Order shall issue.

**June 20, 2025**                                    **s/Renée Marie Bumb**
Date                                                              RENÉE MARIE BUMB
                                                                        Chief United States District Judge