[ECF No. 166]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| RODNEY GREEN,<br><br>                Plaintiff,<br><br>v.<br><br>CHARLES WARREN, et al.,<br><br>                Defendants. | Civil No. 21-14144 (RMB)(EAP) |

**MEMORANDUM ORDER**

      This matter comes before the Court on Plaintiff *pro se* Rodney Green's Omnibus Motion, ECF No. 166 ("Pl.'s Mot."), seeking the appointment of *pro bono* counsel, an application of New York state procedural rules to the Court's prior Order modifying the requirement for the payment of filing fees, a relaxation of the Federal Rules of Civil Procedure to subpoena former *pro bono* counsel for the production of additional discovery, and a relaxation of the Federal Rules' requirement that Plaintiff serve notice of the present motion on counsel for Defendants. No opposition to the motion has been filed. The Court has considered Plaintiff's motion and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the following reasons, Plaintiff's motion is **DENIED**.

A.     **Appointment of *Pro Bono* Counsel**

      1.     The Court granted Plaintiff *pro bono* counsel on August 6, 2021. ECF No. 4 (Order).

      2.     On February 17, 2023, Plaintiff informed the Court about a breakdown in communications with *pro bono* counsel. *See* ECF No. 44 (Pl.'s Feb. 2023 Letter). A month later,

Plaintiff requested leave to proceed *pro se* and thus, the discharge of his *pro bono* attorney. *See* ECF No. 49 (Pl.'s Mar. 2023 Letter). On March 21, 2025, the Court informed Plaintiff that if he chose to represent himself *pro se*, his *pro bono* counsel would need to submit a motion to withdraw. *See* ECF No. 51 (Order). The Court further cautioned that given "the very limited availability of volunteer attorneys, the Court is not likely to appoint substitute pro bono counsel in the circumstances presented here[.]" *Id.*

3. *Pro bono* counsel filed a motion to withdraw. After holding a hearing, the Court granted the motion on June 14, 2023. ECF Nos. 59 (First Mot. to Withdraw), 68 (Order).

4. On July 10, 2023, the Court appointed a second *pro bono* counsel to represent Plaintiff. ECF No. 70 (Order). As the docket reflects, and the Court notes, second *pro bono* counsel satisfactorily represented Plaintiff for nearly two years. However, on January 24, 2025, Plaintiff's second *pro bono* counsel moved to withdraw from representation due to a breakdown in the attorney-client relationship. ECF No. 128 (Second Mot. to Withdraw). Plaintiff filed a letter shortly after counsel submitted her motion that confirmed the breakdown of the attorney-client relationship. *See* ECF No. 130 (Pl.'s Feb. 2025 Letter).

5. On February 13, 2025, the Court held a hearing on Plaintiff's second *pro bono* counsel's motion to withdraw. ECF No. 134. At the hearing, Plaintiff noted that counsel had adequately represented his interests throughout the course of discovery, but he intended to proceed *pro se* due to a breakdown in the attorney-client relationship. The Court instructed Plaintiff that if he elected to proceed *pro se*, the Court would be unlikely to grant him another *pro bono* attorney. After Plaintiff stated his understanding, the Court granted Plaintiff's second *pro bono* counsel's motion. *See* ECF No. 136 (Order).

6. Plaintiff now seeks the third appointment of *pro bono* counsel. Pl.'s Mot. at 3 ¶ 16. Plaintiff states that "since the plaintiff is apparently indigent, the plaintiff is entitled to the assignment of an attorney by the U.S. District Court." *Id.* at 3. Noticeably absent from Plaintiff's motion is any indication of how Plaintiff's factual circumstances have changed since Plaintiff decided to litigate *pro se* and the Court permitted Plaintiff's second *pro bono* counsel to withdraw.

7. 28 U.S.C. § 1915(e) governs motions for the appointment of *pro bono* counsel. Section 1915(e) grants courts broad discretion to request counsel for indigent litigants; however, these appointments are not a statutory or constitutional right. *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011) (citation omitted); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).

8. As these standards demonstrate, Plaintiff's assertion that he is *entitled* to have the Court assign him an attorney is incorrect. Whether to appoint *pro bono* counsel to an indigent civil litigant is within the Court's discretion. Given the limited availability of *pro bono* counsel, a lack of information detailing any change in Plaintiff's circumstances that would tip the balance of the *Tabron*/*Parham* factors in his favor, the Court's previous instructions to Plaintiff that future *pro bono* counsel would not be appointed in this matter if he chose to proceed *pro se*, and Plaintiff having already been appointed *pro bono* counsel twice in this litigation and both times having requested that counsel be withdrawn, Plaintiff's request for the appointment of *pro bono* counsel is **DENIED WITHOUT PREJUDICE**.

B. <u>**Modification of the Court's Order Pursuant to CPLR 2221(a)**</u>

9. The Court construes Plaintiff's motion as also seeking a modification of the Court's previous Order granting him *in forma pauperis* status. ECF No. 27 (IFP Order). Plaintiff

3

apparently seeks an Order granting him an adjustment of the filing fees in this matter through the application of New York Civil Practice Law and Rule ("CPLR") 2221(a).

10. CPLR 2221(a) is a New York state court rule of civil procedure. Under CPLR 2221(a), "[a] motion for leave to renew or to reargue a prior motion, for leave to appeal from, or to stay, vacate or modify, an order shall be made, on notice, to the judge who signed the order . . ." Plaintiff asserts that the rule applies in this litigation because the State of New York's "significant aggregation of contacts with the State of New Jersey" creates a state interest such that an application of a New York civil procedural rule in this litigation proceeding in federal court in the District of New Jersey would be proper. Pl.'s Mot. at 3 ¶ 20.

11. The Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts." Fed. R. Civ. P. 1. For this reason, CPLR 2221(a) is inapplicable. Therefore, Plaintiff's request for a modification of the Court's prior order waiving the payment of filing fees pursuant to CPLR 2221(a) is **DENIED**.

12. If Plaintiff so chooses, he may file a formal motion requesting a modification of the IFP Order under the applicable standards of the Federal Rules of Civil Procedure.

C. **Relaxation of Fed. R. Civ. P. 45 to Subpoena Non-Parties for Production of Documents**

13. Plaintiff also moves the Court for an Order relaxing the requirements under Federal Rule of Civil Procedure 45 to subpoena the production of additional discovery files that Plaintiff states he has not received from his second *pro bono* counsel. Pl.'s Mot. at 4.

14. On June 16, 2025, Plaintiff's second *pro bono* counsel notified the Court that she provided Plaintiff with copies of all his medical records produced in discovery and copies of all his pleadings. *See* ECF No. 153 (Letter). At the July 9, 2025 status conference, Plaintiff confirmed that he had received a complete production of his discovery files from his second *pro bono* counsel.

4

Plaintiff, however, complained that his second *pro bono* counsel did not include his Inspira medical records. After discussion, the Court directed Defendants to attempt to obtain Plaintiff's Inspira medical records, and to the extent that those records still exist, to produce a copy to Plaintiff.

15. Because Plaintiff has received a complete production of all discovery from his former second *pro bono* counsel, a subpoena for records that are not in counsel's or the firm's possession would be futile. For this reason, Plaintiff's request for a relaxation of Rule 45 to subpoena his former *pro bono* counsel is **DENIED**.

D. <u>**Service of Notice of Motion on Counsel for Defendants**</u>

16. Plaintiff states that he was unable to serve a copy of the present motion on counsel for Defendants because former *pro bono* counsel "interacted with the attorneys of record for the defendants, so the plaintiff does not possess the addresses of the attorneys of record for the defendants[.]" Pl.'s Mot. at 4 ¶ 23. Plaintiff asks the Court to exercise its discretion to relax the requirements under Federal Rule of Civil Procedure 7(b)(1)[1] "with respect to service of the notice of [this] omnibus motion upon the attorneys of record[.]" *Id.* at 5 ¶ 31.

17. Federal Rule of Civil Procedure 5 governs the standards for service of pleadings and other papers in civil litigation. Under Rule 5(b)(1), "[i]f a party is represented by an attorney, service under this rule must be made on an attorney unless the court orders service on the party." Service is deemed proper under Rule 5 if it is sent "to a registered user by filing it with the court's electronic-filing system," at which time "service is complete upon filing or sending." Fed. R. Civ. P. 5(b)(2)(E). The Clerk's Office filed Plaintiff's motion on the docket on August 4, 2025, and service of this motion has been made. Going forward, Plaintiff should refer to the docket for the

---

[1] Federal Rule of Civil Procedure 7(b)(1) dictates what must be included in a motion. It does not govern the service requirements for pleadings.

mailing addresses of the attorneys of record. Under Rule 5(b)(2)(C), Plaintiff may serve his papers on opposing counsel via regular mail. For these reasons, Plaintiff's motion is **DENIED AS MOOT**. Therefore,

**IT IS** this **2nd** day of **September 2025**;

**ORDERED** that Plaintiff's motion seeking the appointment of *pro bono* counsel is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff's motion for a modification of the Court's prior order concerning his *in forma pauperis* status and the payment of fees is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion for a relaxation of Federal Rule of Civil Procedure 45 to subpoena his former second *pro bono* counsel is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion seeking a relaxation of Federal Rule of Civil Procedure 5 concerning service of the present motion is **DENIED AS MOOT**; and it is further

**ORDERED** that the Clerk of the Court shall forward a copy of this Order to Plaintiff *pro se* by regular mail and enter a notation on the docket indicating the date upon which this Order was mailed to Plaintiff.

                                                  s/Elizabeth A. Pascal
                                                  ELIZABETH A. PASCAL
                                                  United States Magistrate Judge

cc:  Hon. Renée M. Bumb, U.S.D.J.