[ECF No. 176]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| RODNEY GREEN,<br><br>             Plaintiff,<br><br>     v.<br><br>CHARLES WARREN, et al.,<br><br>             Defendants. | Civil No. 21-14144 (RMB)(EAP) |

### MEMORANDUM ORDER

This matter comes before the Court on *pro se* Plaintiff Rodney Green's Second Omnibus Motion, ECF No. 176 ("Pl.'s Second Omnibus Mot."). Plaintiff's Motion largely rehashes the arguments he previously made in his First Omnibus Motion, ECF No. 166, that the Court has already considered and rejected, ECF No. 168. In his Second Omnibus Motion, Plaintiff seeks relief under New York state procedural rules to renew his prior motion for the appointment of *pro bono* counsel, reargue his previous motion to modify the Court's Order requiring the payment of filing fees, and request an order for "leave to appeal" an interlocutory order and to stay these proceedings pending an interlocutory appeal. No opposition to the Motion has been filed. The Court has considered Plaintiff's Motion and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the following reasons, Plaintiff's motion is **DENIED**.

A.     **Renewed Motion for Appointment of *Pro Bono* Counsel**

1.     Plaintiff seeks to renew his prior motion for appointment of *pro bono* counsel under New York Civil Practice Law and Rule ("CPLR") 2221(e). Pl.'s Mot. at 1-3.

2.      CPLR 2221(e) is a New York state court rule of civil procedure.  Under CPLR 2221(e), "[a] motion for leave to renew . . . shall be based upon new facts not offered on the prior motion and that would change the prior determination[.]"

3.      The Court incorporates by reference its reasoning set forth in its prior Memorandum Order on Plaintiff's First Omnibus Motion.  *See* ECF No. 168 (Mem. Order).  Plaintiff asserts— exactly as he did in his First Omnibus Motion—that the New York rule applies in this litigation because the State of New York's "significant aggregation of contacts with the State of New Jersey" creates a state interest such that the application of a New York civil procedural rule in this litigation proceeding in federal court in the District of New Jersey is proper.  Pl.'s Mot. at 3.  Plaintiff is incorrect.

4.      As the Court previously explained, *see* Mem. Order, the Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts." Fed. R. Civ. P. 1.  For this reason, CPLR 2221(e) is inapplicable.  Therefore, Plaintiff's renewed request for the appointment of *pro bono* counsel under CPLR 2221(e) is **DENIED**.

**B.      Motion to Modify Previous Order Regarding a Waiver of Fees**

5.      In his Motion, Plaintiff states that he "desires to reargue" the Court's denial of his "motion to modify the order of the court permitting the Plaintiff to a waiver of fees." Pl.'s Mot. at 3.  Again, Plaintiff relies on a New York procedural rule in support of his argument.  *Id.*

6.      CPLR 2221(d) is a New York state court rule of civil procedure.  Under CPLR 2221(d), "[a] motion for leave to reargue . . . shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court[.]"  Plaintiff asserts that the Court "misapprehended" the law when it previously ruled that New York state law does not apply here.  *See* Mem. Order. Plaintiff reasserts that the New York procedural rule applies in this litigation because the State of

2

New York's "significant aggregation of contacts with the State of New Jersey" creates a state interest, such that the application of a New York civil procedural rule in this litigation in this District Court would be proper. Pl.'s Mot. at 3. Again, Plaintiff is incorrect.

7.  As previously stated, the Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts." Fed. R. Civ. P. 1. For this reason, CPLR 2221(d) is inapplicable. Therefore, Plaintiff's request to reargue his motion for a modification of the Court's prior order waiving the payment of filing fees pursuant to CPLR 2221(d) is **DENIED**.

## C.   Leave to Appeal an Interlocutory Order

8.  Plaintiff seeks an Order granting him leave to appeal a "prospective" interlocutory order through the application of New York Civil Practice Law and Rule ("CPLR") 2221(a). According to Plaintiff, he anticipates that this Court will deny his requests to renew his motion for *pro bono* counsel and reargue his motion for a modification of the Court's prior order waiving the payment of fees, and argues that under New York civil procedural rules, he must request leave to file an interlocutory appeal. *See* Pl.'s Mot. at 3.

9.  CPLR 2221(a) is a New York state court rule of civil procedure. Under CPLR 2221(d), "[a] motion . . . for leave to appeal from . . . an order shall be made, on notice, to the judge who signed the order[.]" Plaintiff again asserts that the rule applies in this litigation because the State of New York's "significant aggregation of contacts with the State of New Jersey" creates a state interest such that the application of a New York civil procedural rule in this litigation in the District of New Jersey would be proper. Pl.'s Mot. at 3.

10.  For the reasons previously stated, CPLR 2221(a) is also inapplicable to this case.

3

11.     Accordingly, Plaintiff's request for leave to appeal the Court's "prospective" orders pursuant to CPLR 2221(a) is **DENIED**.

**D.      Request to Stay Proceedings During Pendency of Interlocutory Appeal**

12.     Plaintiff also seeks an Order to "stay the proceedings pending a determination of the interlocutory appeal" through the application of New York Civil Practice Law and Rule ("CPLR") 2221(a).

13.     The Court notes that on September 11, 2025, Plaintiff filed a notice of appeal, ECF No. 170 (Notice), of this Court's September 3, 2025 Text Order, ECF No. 169 (Sept. 3, 2025 Text Order).

14.     Though unclear, Plaintiff apparently seeks a stay of the proceedings pending this interlocutory appeal.  *See* Pl.'s Mot. at 3 ("The Plaintiff has already taken the liberty of filing a notice of appeal with the U.S. Court of Appeals for the Third Circuit (Docket No. 25-2770)").

15.     However, on January 16, 2026, the Third Circuit dismissed Plaintiff's appeal for lack of jurisdiction.  *See* ECF No. 188 (Order USCA).

16.     Therefore, to the extent Plaintiff requests a stay of the present District Court proceedings during the pendency of his prior interlocutory appeal, ECF No. 170, that request is **DENIED AS MOOT**.

17.     To the extent Plaintiff requests a stay of any "prospective" interlocutory appeals, that request is **DENIED**.  The Court cannot grant relief concerning appeals that do not exist.  And even if it could, Plaintiff's reliance on New York CPLR 2221(a) as a basis for a stay is improper. *See supra* Part C.

**THEREFORE, IT IS** this **20th** day of **March 2026**;

**ORDERED** that Plaintiff's motion to renew his prior motion for the appointment of *pro bono* counsel under New York CPLR 2221(e) is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion to reargue his previous request for a modification of the Court's prior Order concerning his *in forma pauperis* status and the payment of fees under New York CPLR 2221(d) is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion for leave to appeal an interlocutory order under New York CPLR 2221(a) is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion to stay the proceedings under New York CPLR 2221(a) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall forward a copy of this Order to Plaintiff *pro se* by regular mail and enter a notation on the docket indicating the date upon which this Order was mailed to Plaintiff.

s/Elizabeth A. Pascal
ELIZABETH A. PASCAL
United States Magistrate Judge

cc:  Hon. Renée M. Bumb, U.S.D.J.

5