NOT FOR PUBLICATION [Docket No. 185]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

RODNEY GREEN,

Plaintiff,

v.

CHARLES WARREN, et al.,

Defendants.

Civ. No. 21cv14144 (RMB) (EAP)

**MEMORANDUM ORDER**

**APPEARANCES:**

RODNEY GREEN
3804 Conshohocken Ave., 1st Floor
Philadelphia, PA 19131
*Plaintiff, pro se*

CHRISTOPHER KELLY, ESQ.
TYSON & MENDES, LLP
595 E. Lancaster Ave., Suite 302
St. Davids, PA 19087
*Attorney for Defendants Evelyn Olson and James Neal*

**BUMB, Chief District Judge:**

THIS MATTER comes before the Court upon the Motion for Summary Judgment ("MSJ" Dkt. No. 185) filed by Defendants Evelyn Olson, R.N. ("Olson"), and James Neal, M.D ("Neal") (collectively, "Defendants"). Plaintiff Rodney Green, proceeding *pro se*, opposed the motion and seeks additional discovery pursuant to Fed. R. Civ. P. 56(d). ("Opp'n" Dkt. No. 191.) The Court has considered the parties'

submissions and will **GRANT** in part Plaintiff's request for additional discovery and **RESERVE** Defendants' Motion for Summary Judgment.

## I. PROCEDURAL HISTORY

Plaintiff filed his original *pro se* complaint on July 26, 2021. (Compl., Dkt. No. 1.) Olson was named as a defendant and filed an answer on September 29, 2021. (Answer to Compl., Dkt. No. 11.) In August 2021, Plaintiff was appointed pro bono counsel, William B. Hildebrand, Esq. ("Hildebrand") (Notice of Appearance, Dkt. No. 6.) On June 2, 2022, the parties advised the Court that initial written discovery was complete, defense counsel was following up on production of documents from third parties, and depositions were anticipated in July 2022. (Status Report, Dkt. No. 23.) On November 18, 2022, Hildebrand sought an extension of the discovery deadline because he had not yet received the expected 2,700 pages of medical records from Inspira, and this caused a delay in scheduling the depositions. (Letter, Dkt. No. 37.) On June 14, 2023, the Court granted Hildebrand's request to withdraw as *pro bono* counsel. (Order, Dkt. No. 68.) The next month, the Court appointed J. Brooks DiDonato, Esquire ("DiDonato") and Ashley Varghese, Esquire ("Varghese") as pro bono counsel. (Order, Dkt. No. 70.)

On June 7, 2024, Plaintiff filed an amended complaint that added Neal as a defendant. (Am. Compl., Dkt. No. 93.) Olson filed an answer to the amended complaint on July 12, 2024. (Answer, Dkt. No. 102.) Neal filed a motion to dismiss in lieu of an answer on November 5, 2024. (Mot. to Dismiss, Dkt. No. 111.)

Over the course of 2025, Plaintiff sought assistance obtaining discovery, including medical records from Inspira Hospital. (Letter, Dkt. No. 138, 158 at 3.) In

July 2025, the Court repeated its order for Defendants, to the extent they were able, to obtain Plaintiff's hospital records from Inspira. (Order, Dkt. No. 165.) Defendants filed their motion for summary judgment on November 21, 2025. (MSJ, Dkt. No. 185-2.)

On December 2, 2025, Plaintiff wrote to the Court that his medical records from Inspira included 6,700 pages, with a copying cost of $7,900, and postulated that those records contained evidence that he needed to survive summary judgment. (Letter, Dkt. No. 186.) Plaintiff filed his opposition to Defendants' MSJ on March 23, 2026. (Opp'n, Dkt. No. 191.)

## II. DISCUSSSION

In response to the Motion for Summary Judgment, Plaintiff asserts that he sought additional medical records from Inspira Hospital which he has not yet received. (Opp'n at 1, Dkt. No. 191.) Plaintiff contends these medical records would contain the complete list of his treating doctors' names and would also show that CCJ transferred him to Inspira Hospital on at least six occasions for "treatment that meets the 'professional standards of care.'" (*Id.* at 7.) Plaintiff submits that when he receives this discovery, he will seek expert testimony from his treating doctors. (*Id.* at 3.)

Plaintiff's request invokes Federal Rule of Civil Procedure 56(d). A party seeking relief under Rule 56(d) has the burden to: (1) identify the particular information sought; (2) explain how it would preclude summary judgment; and (3) state why it was not previously obtained. *Dowling v. City of Philadelphia*, 855 F.2d 136, 139–40 (3d Cir. 1988). Plaintiff identified the particular information sought as copies of his Inspira medical records.

The record establishes that Plaintiff is unable to pay the $7,900 copy costs for his Inspira records. (Letter, Dkt. No. 186.) "There 'is no provision in the [*in forma pauperis*] statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." *Forrest v. Wetzel*, No. 3:17-CV-1777, 2021 WL 1614810, at *4 (M.D. Pa. Apr. 23, 2021) (quoting *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993)).

The Court will provide Plaintiff the opportunity to narrow his medical record request to reduce the costly burden of production on Inspira. *See* Fed. R. Civ. P. 45(d) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty.") Plaintiff has not established that he requires the names of all prior treating physicians to oppose summary judgment or that fifteen years of medical records are necessary. Plaintiff has submitted records establishing his diagnosis and a contemporary treatment recommendation from his hospital discharge on October 6, 2020. Therefore, within three weeks of this Order, Plaintiff shall make arrangements to review his Inspira Medical Records. Plaintiff shall then provide a status report which narrows his request for copies to those which are necessary to oppose summary judgment. The Court will not permit the production of the full Inspira records because seeking "expert testimony from the multiple Doctors who treated him" (Dkt. No. 191 at 3) is not a valid basis for a Rule 56(d) request. Any additional discovery requests must be made in the status report and meet the requirements for discovery under Fed.

R. Civ. 56(d). Discovery will not be extended beyond six months from the date of this Order.

**IT IS**, therefore, on this **14th day of October 2026,**

**ORDERED** that Plaintiff's request for additional discovery pursuant to Fed. R. Civ. P. 56(d)(2) is **GRANTED** in part as outlined above; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order on Plaintiff by regular mail; and it is further

**ORDERED** that the Court shall **ADMINISTRATIVELY TERMINATE** this case, solely for administrative reasons, and the Court will reopen this matter for determination of Defendants' motion for summary judgment.

**s/Renée Marie Bumb**
**RENÉE MARIE BUMB**
**Chief United States District Judge**